IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY W. WILCOX,<br>            Petitioner,<br><br>     v.<br><br>GERALD ROZUM, Superintendent, et al,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADELPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>            Respondents. | CIVIL ACTION<br><br><br><br>NO.  13-3761 |

# O R D E R

**AND NOW**, this 20th day of December, 2013, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Anthony W. Wilcox, the record in this case, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated October 16, 2013, and Response to Report and Recommendation filed by *pro se* petitioner, treated by the Court as objections to the Report and Recommendation, **IT IS ORDERED** as follows:

1.The Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated October 16, 2013, is **APPROVED AND ADOPTED**;

2.*Pro se* petitioner's Response to Report and Recommendation, treated by the Court as objections to the Report and Recommendation, are **OVERRULED**;

3.The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner is **DISMISSED AND DENIED**; and,

4.A certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a

constitutional right, or (b) the propriety of this Court's procedural rulings with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

Petitioner claims that he is entitled to relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) which prohibited the issuance of mandatory life-without-parole sentences for juvenile offenders. First, the Court notes that petitioner was in excess of eighteen years of age at the time of the crime at issue and is therefore not entitled to relief under *Miller*. Moreover, the Supreme Court of Pennsylvania recently ruled that the United States Supreme Court decision in *Miller v. Alabama* did not apply retroactively. *See Commonwealth v. Cunningham*, 2013 WL 5814388 (Pa.).

Petitioner relies on 28 U.S.C. §§ 2244(d) and (1)(D) and argues that the start date for his statute of limitations is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In support of this position petitioner states that his claim is based on "a new scientific consensus," citing cases dealing with diminished capacity dating back to 2002, such as *Atkins v. Virginia*, 536 U.S. 304 (2002). There is absolutely no support for petitioner's argument, and the Court rejects it.

Petitioner also argues that, although *Miller v. Alabama* dealt specifically with defendants who were under the age of eighteen at the time of the crime, the decision should apply to any individual who was between the ages of eighteen and twenty-five, such as him, because the decision shows that a child's biological process is not typically complete until he reaches his mid-twenties. Contrary to petitioner's assertion, the Supreme Court in *Miller* drew a clear line that "mandatory life without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment," similar to holdings in other cases involving juveniles. *Miller*,

132 S.Ct. 2460 (2012); s*ee Roper v. Simmons*, 543 U.S. 551, 578, 125 S.Ct. 1183 (2005); *Graham v. Florida*, 560 U.S. 348, 130 S.Ct. 2000, 2026-27 (2010).  In using eighteen years of age as the cutoff in *Miller*, the Supreme Court relied on its reasoning in *Roper* and *Graham*, and the science and social science studies underlying the decisions in those cases.  *See Miller*, 132 S.Ct. 2465 n.5.  There is absolutely no authority for the proposition that the *Miller* reasoning applies to all persons under age twenty-five.  The Court thus rejects petitioner's argument that he can claim the benefit of the *Miller* opinion and that it provides an alternate date for the beginning of his *habeas* limitations period.  *Ocampo v. Fisher*, 2013 WL 5658387 (ED Pa.)

In sum, there are no new rights established by the United States Supreme Court which have been made retroactively applicable to petitioner's case.  For all of the reasons stated above the Court overrules petitioner's objections and denies and dismisses his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

        **BY THE COURT:**

        **/s/ Hon. Jan E. DuBois**

        **DuBOIS, JAN E., J.**